UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA S. HAWTHORNE, individually and as assignee of Oklahoma Court Services, Inc.,<br><br>    Plaintiff,<br><br>        v.<br><br>MID-CONTINENT CASUALTY COMPANY, OKLAHOMA SURETY COMPANY, an Oklahoma Insurance Company,<br><br>    Defendant. | Case No. C16-1948RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S REQUEST FOR RELIEF UNDER RULE 56(d) |

This matter comes before the Court on plaintiff Patricia S. Hawthorne's motion for partial summary judgment (Dkt. # 24), and on defendant Oklahoma Surety Company's request for relief under Fed. R. Civ. P. 56(d) (Dkt. # 30). Having considered the parties' briefing and the remainder of the record, the Court finds as follows.

On November 23, 2016, acting in her individual capacity and as assignee of various insurance claims, plaintiff filed this action in King County Superior Court against Oklahoma Surety Company for bad faith, violation of Washington's Unfair Trade Practices Act, and breach of the contractual duties to defend, settle, and indemnify. Dkt. # 1-1. On December 21, 2016, defendant removed this case to federal court, Dkt. # 1, and shortly thereafter moved to dismiss the case for lack of personal jurisdiction, Dkt. # 9. That motion is still pending before this Court.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
REQUEST FOR RELIEF UNDER RULE 56(d) - 1

1    On February 16, 2016, plaintiff filed this motion for partial summary judgment. Dkt.
2  # 24. Plaintiff seeks a ruling that, as a matter of law, defendant – an insurance company –
3  breached its contractual duty to defend its insured in a lawsuit filed in King County Superior
4  Court, and that this breach constitutes bad faith.

5    On March 6, 2017, defendant filed both an opposition to plaintiff's motion for partial
6  summary judgment, Dkt. # 27, and a motion for relief pursuant to Fed. R. Civ. P. 56(d). The
7  motion for relief seeks relief from plaintiff's motion until after a ruling on defendant's pending
8  motion to dismiss or, if that motion is denied, after the close of discovery, Dkt. # 30. At this
9  time, discovery is scheduled to be completed by October 8, 2017. See Dkt. # 17.

10    Federal Rule of Civil Procedure 56(d) provides that if a "nonmovant shows by affidavit or
11  declaration that, for specified reasons, it cannot present facts essential to justify its opposition,
12  the court may . . . defer considering the motion [for summary judgment] or deny it . . . ." Rule
13  56(d) "provides a device for litigants to avoid summary judgment when they have not had
14  sufficient time to develop affirmative evidence." United States v. Kitsap Physicians Serv., 314
15  F.3d 995, 1000 (9th Cir. 2002). To obtain relief under Rule 56(d), a party must show "(1) that
16  they have set forth in affidavit form the specific facts that they hope to elicit from further
17  discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to
18  resist the summary judgment motion." State of California v. Campbell, 138 F.3d 772, 779 (9th
19  Cir. 1998).

20    An attorney for defendant filed a declaration and several exhibits in support of
21  defendant's request for Rule 56(d) relief. Dkt. ## 31, 37. These filings make clear that summary
22  judgment is inappropriate at this time. First of all, consideration of plaintiff's motion for
23  summary judgment before resolution of defendant's motion to dismiss for lack of personal
24  jurisdiction would be premature. Next, if plaintiff's case survives that motion to dismiss (and if
25  the existence of a related coverage action in Oklahoma state court does not otherwise compel

27  ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL
    SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
28  REQUEST FOR RELIEF UNDER RULE 56(d) - 2

1  dismissal or stay of this action), defendant will need to respond to plaintiff's amended complaint.
2  Moreover, discovery would be needed to clarify several fact issues that are essential to the
3  resolution of plaintiff's bad faith claim – specifically, the relationships between the parties and
4  the other insurance entities involved in this case, and the circumstances of the denial of
5  coverage.  Defendant has asserted that it intends to depose employees of the insured entity in
6  addition to conducting written discovery.  Dkt. ## 31, 37.  These facts are essential to allow the
7  government to oppose summary judgment.  See Campbell, 138 F.3d at 779.  Defendant has met
8  the standards to obtain relief under Rule 56(d).

10      For the foregoing reasons, plaintiff's motion for partial summary judgment (Dkt. # 24) is
11 DENIED without prejudice to refiling at a later date, after the parties have had an opportunity to
12 conduct discovery.  Defendant's motion for relief under Fed. R. Civ. P. 56(d) (Dkt. # 30) is
13 GRANTED.

15      DATED this 4th day of April, 2017.

                           /s/ Robert S. Lasnik
                          Robert S. Lasnik
                          United States District Judge

27 ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL
   SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
28 REQUEST FOR RELIEF UNDER RULE 56(d) - 3