UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA S. HAWTHORNE, individually, and as assignee of Oklahoma Court Services, Inc.,

　　　　Plaintiff,

　　v.

MID-CONTINENT CASUALTY COMPANY, OKLAHOMA SURETY COMPANY, an Oklahoma Insurance Company,

　　　　Defendant.

Case No. C16-1948RSL

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## I. INTRODUCTION

This matter comes before the Court on defendant Oklahoma Surety Company's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction (Dkt. # 9).[1] For the reasons set forth below, the Court denies the motion.

---

[1] Plaintiff submitted a surreply styled as a "Motion to File Response to Additional Authorities Cited by Oklahoma Surety company and Mid-Continent re: Personal Jurisdiction" (Dkt. # 20). Defendant objected to the surreply (Dkt. # 21). Local Civil Rule 7(g)(2) provides that a surreply "shall be strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered." Plaintiff's surreply does not seek to strike any submission by defendant, and so the Court will not consider the arguments therein.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 1

## II. BACKGROUND

Oklahoma Court Services ("OCS") provides probation and supervision services to Oklahoma state courts. Dkt. # 9 at 3. Beginning in September 2013, OCS had an insurance agreement with Oklahoma Surety Company ("Oklahoma Surety"). Dkt. # 14 at 4-7.[2] That general commercial liability policy provides that Oklahoma Surety has "a right and duty to defend" OCS against suits that seek damages resulting from events covered by the policy. Dkt. # 10-2 at 10, ¶ I.1.a. The policy covers "bodily injuries" resulting from an "occurrence" within the coverage territory. Dkt. # 10-2 at 7-8. The policy's coverage territory includes the entire United States. Dkt. # 10-2 at 21, ¶ V.4.a.

In January 2014, Christopher A. Brown was convicted of burglary in Oklahoma and received a sentence of seven years' confinement, suspended, with two years' probation under OCS's supervision. Dkt. # 14 at 3. Per the conditions of Brown's probation, OCS allowed Brown to spend time in Washington while on probation on the condition that he check in with OCS weekly. Dkt. # 10-3 at 5, ¶ 9. While in Washington in March 2014, Brown assaulted and raped plaintiff Patricia Hawthorne. Dkt. # 14 at 4. Brown pleaded guilty to multiple serious charges in King County in September 2014. Dkt. # 15-3 at 10.

In February 2016, plaintiff filed suit against OCS and Brown in King County Superior

---

[2] Plaintiff names "Mid-Continent Casualty Company, Oklahoma Surety Company" as the single defendant in this case, Dkt. # 13 at 1, while also asserting that Oklahoma Surety is a "wholly owned subsidiary" of Mid-Continent Casualty Company, Dkt. # 13 at 2. Defendant asserts that Oklahoma Surety is the proper defendant in the action and, in the context of this motion to dismiss, discusses only Oklahoma Surety's connections (or lack thereof) to Washington. See Dkt. # 9. For her part, plaintiff devotes considerable attention to the Washington contacts of Oklahoma Surety, Mid-Continent Casualty Company, and both businesses' parent companies. See, e.g., Dkt # 14 at 5. The precise relationship between all these companies is not clear from the record. See Dkt. # 10-5 at 2 n.1 (identifying Mid-Continent Casualty Company as the parent company of Oklahoma Surety); Dkt. # 15-4 at 2 (identifying Mid-Continent Group as a parent of Mid-Continent Casualty and Oklahoma Surety); Dkt. # 14 at 1 (stating both Mid-Continent Casualty Company and Oklahoma Surety Company contracted with OCS). Because the Court finds that it has personal jurisdiction over Oklahoma Surety, see infra, it is unnecessary to sort through the insurance companies' corporate structure at this time.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 2

Court, alleging that OCS's negligence in monitoring Brown had caused her injuries. Dkt. # 15-1. In June 2016, citing the duty-to-defend clause in its insurance policy, OCS tendered its defense to Oklahoma Surety. Dkt. # 15-9 at 2. On August 3, 2016, a Senior Claim Manager for Mid-Continent Casualty Company ("Mid-Continent") accepted the defense under a reservation of rights. Dkt. # 15-11 at 2. On August 16, 2016, however, the same claim manager informed OCS that the insurance policy did not cover plaintiff's damages claims against OCS. Dkt. # 15-12 at 2.

Meanwhile, plaintiff and OCS agreed to mediate plaintiff's damages claims in Tacoma on November 22, 2016. Dkt. # 15-20 at 6; Dkt. # 14 at 11. Both Mid-Continent and OCS's professional liability insurer agreed to participate in the mediation. Dkt. # 15-20. During that mediation, Mid-Continent continued to deny coverage, and plaintiff and OCS agreed to enter into a covenant judgment[3] in which OCS would assign to plaintiff all claims against Mid-Continent arising from the insurance policy coverage dispute. See Dkt. # 15-21.

On November 22, 2016, Oklahoma Surety filed a declaratory judgment action in Oklahoma state court, seeking a declaration that plaintiff's claims against OCS were not covered by OCS's insurance policy, and thus that Oklahoma Surety had no duty to indemnify or defend OCS. Dkt. # 10-5 at 5.

On November 23, 2016, acting in her individual capacity and as assignee of OCS's insurance claims per the covenant judgment, plaintiff filed this action in King County Superior Court against Oklahoma Surety for bad faith, violation of Washington's Unfair Trade Practices

---

[3] A covenant judgment is a type of "independent pretrial settlement" used "[w]hen an insured defendant believes its insurer is refusing to settle a plaintiff's claims in bad faith." Bird v. Best Plumbing Group, LLC, 175 Wn.2d 756, 761 (2012). The settlement "typically involve[s] a stipulated judgment against the insured, a covenant not to execute on that judgment against the insured, and an assignment to the plaintiff of the insured's bad faith claim against the insurer." Id.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 3

Act, and breach of the contractual duties to defend, settle, and indemnify. Dkt. # 1-1.

On December 5, 2016, in plaintiff's case against OCS in King County Superior Court, plaintiff and OCS stipulated to a judgment against OCS of $7.2 million, plus costs and attorney's fees. Dkt. # 15-22 at 3.

On December 21, 2016, Oklahoma Surety removed this case to federal court. Dkt. # 1. After Oklahoma Surety filed this motion to dismiss for lack of personal jurisdiction, plaintiff amended her complaint to include additional facts regarding the corporate relationship between Oklahoma Surety and Mid-Continent. Dkt. # 13.

## III. ANALYSIS

**A. Personal Jurisdiction**

Given that defendant moves to dismiss under Rule 12(b)(2), plaintiff has the burden of demonstrating that the Court may exercise personal jurisdiction over defendant. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). The Court has not held an evidentiary hearing, so "the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss." Id. at 1129. Plaintiff's version of the facts are taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding" whether plaintiff has met her burden. Id. (Internal quotation marks and citations omitted).

Due process requires a district court to have personal jurisdiction over a defendant in order to adjudicate a claim against it. Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014). Provided the long-arm statute of the state in which the Court sits permits the Court's exercise of personal jurisdiction,[4] there are two ways to establish that a defendant's due process rights will

---

[4] Washington's long-arm statute, RCW 4.28.125, permits the exercise of personal jurisdiction to the extent that due process allows. Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 4

not be offended by a suit in a particular court. Id. at 753-55. The Court will consider each in turn.

**1. General Jurisdiction**

A defendant is subject to a court's general personal jurisdiction when its contacts are "so constant and pervasive as to render it essentially at home" in the forum. Daimler AG, 134 S. Ct. at 751 (internal quotation and brackets omitted). General jurisdiction over a party ensures personal jurisdiction over that party for any claim, regardless of that claim's relationship to the forum. Id. at 761.

Oklahoma Surety, an Ohio corporation with a principal place of business in Oklahoma and no business operations in Washington, maintains it cannot be subject to this Court's general personal jurisdiction. Dkt. # 9 at 2, 6-7. The Court agrees.

While plaintiff devotes significant attention to the relationship between Oklahoma Surety, Mid-Continent, and their parent companies, and to all these entities' respective contacts with Washington state, Dkt. # 14 at 4-5; Dkt. ## 15-4-15-6, plaintiff does not dispute that none of these companies has its principal place of business in Washington state; nor does she argue that any one of them is incorporated here. See Daimler, 134 S. Ct. at 761. Accordingly, the Court lacks general personal jurisdiction over Oklahoma Surety.

**2. Specific Jurisdiction**

A defendant may also be sued in a forum where it has minimal contacts, provided those contacts are purposefully directed at the forum, the claim arises out of those contacts, and the exercise of jurisdiction over that party is reasonable. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

**a. "Purposeful Direction"**

In order to be subject to a forum's specific jurisdiction, a defendant must have

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 5

"purposefully availed" itself of that forum. Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985). The requirement protects persons from being "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or the unilateral activity of another party or a third person." Id. (internal citations and quotation marks omitted).

In this case, Oklahoma Surety argues that it has never purposefully availed itself of Washington, as evidenced by the fact that all key events underlying plaintiff's claims, including the "tortious omission in the underlying claim," happened in Oklahoma. Dkt. # 9 at 10 (source's emphasis). Defendant argues that Brown's decision to travel to Washington was the type of unilateral action by a third party that the Supreme Court in Burger King held could not "form the basis of specific jurisdiction." Dkt. # 9 at 11.

Plaintiff responds that where an insurance company includes Washington in its coverage territory and where an insured event occurs in Washington, the Court has specific jurisdiction over that insurance company. Dkt. # 14 at 1-2. For this proposition, plaintiff relies on Farmers Ins. Ex. v. Portage La Prarie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990), and other circuit cases. Dkt. # 14 at 15-16. In Farmers, a California driver crashed a car in Montana. The car was owned by the driver's brother, who lived in Alberta, and was insured by a Canadian insurance company. The brother's wife was injured in the accident, and the couple moved to Montana shortly after the accident. When the Canadian insurer refused to indemnify the California driver, Farmers defended and agreed to settle. Farmers then sought a declaratory judgment that the Canadian insurer had acted in bad faith for its refusal to reimburse Farmers. The Ninth Circuit held that the Canadian insurer had purposefully availed itself of the Montana forum by issuing a policy that "follow[ed] the insured risk." Farmers, 907 F.2d at 914. The court reasoned that "automobile liability insurers contract to indemnify and defend the insured for claims that will foreseeably result in litigation in foreign states," and that the scope of

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 6

coverage is one way insurers "contro[l] [their] own amenability to suit." Id.

Defendant questions whether Farmers remains good law after the Ninth Circuit's decision in King v. American Family Mutual Insurance Co., 632 F.3d 570 (9th Cir. 2011). In King, an insured motorist from Colorado asked his Wisconsin-based insurers to cover damages resulting from a motorcycle accident in Montana. Because Montana precedent provided that Montana courts lack specific jurisdiction over an insurance company where that company "has no offices or agents in Montana, does not advertise there, and is not authorized to conduct business in Montana as a foreign insurer," the Ninth Circuit held that Montana lacked specific jurisdiction over the insurance company even though "the accident triggering coverage under a nationwide insurance policy took place in Montana." King, 632 F.3d at 580.

Oklahoma Surety characterizes this holding of King as a rejection of "the notion that nationwide coverage provisions automatically give rise to personal jurisdiction . . . when a defendant insurer is sued by an insured in a foreign state." Dkt. #18 at 2. Oklahoma Surety also cites Dokoozian Construction LLC v. Executive Risk Specialty Ins. Co., No. C15-703MJP, 2015 WL 12085859 (W.D. Wash. July 28, 2015), for the proposition that courts in this district "specifically reject the argument that an insurer 'purposefully availed itself' of Washington's laws by including a nationwide coverage provision in its policy." Dkt. # 18 at 3.

Because this is a duty-to-defend case and not a simple coverage action, the Court follows Farmers and finds that the combination of nationwide coverage *and* the occurrence of an insured event in Washington is sufficient for the exercise of jurisdiction over plaintiff's case against Oklahoma Surety. King and Dookozian are not to the contrary. King specifically preserves the rule of Farmers that allows "a company's insured [to] sue as a result of [an insured event] in a foreign state arguably *giving rise to an obligation to appear and defend [the insured]*." 632 F.3d at 580 n.10 (citing Farmers) (emphasis added). The King court contrasted that situation

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 7

with the facts of a Montana case, Carter v. Mississippi Farm Bureau CAS, 109 P.3d 735 (Mont. 2005), on the grounds that Carter involved a coverage dispute between insurer and insured, while Farmers involved an indemnity dispute arising from a lawsuit filed in the foreign venue. 632 F.3d at 580 n.10.  Reflecting this distinction, the court in Evanston Insurance Company v. Certain Underwriters at Lloyd's, London, C16-755JLR, 2016 WL 7851473 (W.D. Wash. Oct. 28, 2016), followed Farmers when a nationwide policy issued by foreign insurers was at issue in a dispute over duty-to-defend claims stemming from a lawsuit filed against the insured in Washington State.

In Dookozian, the insured haled its insurer into Washington for failure to defend a claim arising out of events in Alaska. 2015 WL 12085859 at *1.  The court refused to find that nationwide coverage *alone* was sufficient to confer jurisdiction in Washington when the insured event took place in Alaska.  Id. at *3.  But in Farmers and here, where an insurance agreement covers risk in all fifty states, an insured event occurs in one of those states, and *the suit for which the insured seeks the insurer's defense is filed in that same state*, the insurer purposefully avails itself of that state's forum by voluntarily assuming the obligation to appear and defend against suits arising from that insured event.

**b. "Arising Out Of"**

For specific jurisdiction to comport with due process, the lawsuit must arise out of the defendant's purposeful contacts with the forum state.  Courts in the Ninth Circuit use a "but for" test for determining whether a plaintiff's injury arises out of a defendant's forum-related activities.  Doe v. American Nat. Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997).

Defendant argues that "none of the acts alleged by plaintiff to be tortious or improper were undertaken by Oklahoma Surety in the State of Washington or were directed toward Washington residents." Dkt. # 9 at 10.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 8

Plaintiff argues that, in addition to providing coverage for an injury that occurred in Washington, defendant "refused to settle within its policy limits during a mediation in Washington and has refused to indemnify OCS for a judgment entered in Washington." Dkt. # 14 at 19.  Moreover, while the denial of coverage may have occurred in Oklahoma, plaintiff argues that "under the purposeful direction test it does not matter where the event occurs if it was aimed at the forum state." Dkt. # 14 at 20.  Defendant's "bad-faith refusal to provide a defense to OCS was directed at Washington and its bad faith refusal to settle the case within its policy limits was directly felt by [plaintiff]." Id.

In reply, defendant also argues the analysis of contacts is limited to "contacts occurring *before* the event causing the litigation." Dkt. #18 at 4 (citing Farmers, 907 F.2d at 913).

Under Washington law, an insurance agreement may provide for an enforceable duty to defend. American Best Food, Inc. v. Alea London, Ltd., 168 Wn.2d 398 (2010).  This duty is "different from and broader than the duty to indemnify" and "is triggered if the insurance policy *conceivably covers* allegations in the complaint." American Best Food, 168 Wn.2d at 404 (source's emphasis).  An insurer "must defend until it is clear that the claim is not covered." Id. at 405.  "[I]f the insurer is unsure of its obligation to defend in a given instance, it may defend under a reservation of rights while seeking a declaratory judgment that it has no duty to defend." Id. (internal citations and quotation marks omitted).[5]  OCS's policy explicitly provides that

---

[5] The Court notes that defendant has filed a related suit in state court in Oklahoma. Dkt. # 10-5 (amended petition filed December 8, 2016 in Tulsa County District Court Case No. CJ-2016-4260, Oklahoma Surety Co. v. Oklahoma Court Services, Inc., seeking declaratory judgment that defendant had no duties of indemnity or defense and that the policy did not cover plaintiff's claims). Federal courts "have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989) (quoting Colorado River Water Conservation Dis. v. United States, 424 U.S. 800, 817 (1976). Declining that jurisdiction in light of a parallel state proceeding should only occur in "exceptional circumstances." Nakash, 882 F.2d at 1415 (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 18 (1983)).  The fact that

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 9

Oklahoma Surety has a duty to defend. Dkt. # 10-2 at 10, ¶ I.1.a.

Plaintiff alleges that, rather than adhere to these duties or properly dispute coverage, defendant first accepted OCS's tendered defense to the Washington claim under a reservation of rights, then rescinded the defense under the auspice that the claim would not be covered or even "possibly" be covered, then declined to settle for the policy limits at mediation in Washington, before finally seeking declaratory judgment in Oklahoma. Dkt. # 14 at 7-12. Even if defendant is correct that OCS's policy does not cover plaintiff's damages, this would not relieve it of the duty to defend under a reservation of rights pending resolution of the coverage dispute. See American Best Food, 168 Wn.2d at 405. The Court concludes that OCS's claims against Oklahoma Surety for breach of its contractual duty to defend – claims which plaintiff asserts in this case as assignee – would not have arisen but for Oklahoma Surety's refusal to defend OCS in King County Superior Court, here in Washington state.

**c. "Reasonableness"**

Defendant has the burden of showing that the Court's jurisdiction would be unreasonable. Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1088 (9th Cir. 2000) (citing Burger King, 471 U.S. at 476). In determining whether the exercise of its jurisdiction is reasonable, a district court must consider seven factors:

---

defendant filed its original petition in Oklahoma state court on November 22, 2016 – the same day as the mediation in plaintiff's case against OCS and one day before plaintiff filed this action in Washington state court – does not compel the Court to decline jurisdiction under the first-to-file rule. First, courts in the Ninth Circuit apply the first-to-file rule when parallel litigation is pending in different *federal* districts, not one federal jurisdiction and one state jurisdiction. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991); but see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169 (11th Cir. 1982) (holding a first-filed state action could stay parallel federal litigation). Second, the first-to-file rule is not compulsory. See Alltrade, 946 F.2d at 627-28 (holding the first-to-file rule is discretionary and identifying circumstances, including bad faith, where a court need not defer to first-filed actions).

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 10

> (1) the extent of the defendant's purposeful interjection into the forum state;
> (2) the burden on the defendant in defending in the forum;
> (3) the extent of the conflict with the sovereignty of the defendant's state;
> (4) the forum state's interest in adjudicating the dispute;
> (5) the most efficient judicial resolution of the controversy;
> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief;
> (7) the existence of an alternative forum.

Bancroft & Masters, Inc., 223 F.3d at 1088. No single factor is dispositive. Terracom v. Valley Nat. Bank, 49 F.3d 555, 561 (9th Cir. 1995).

Defendant argues all seven factors weigh in its favor. Dkt. # 18 at 6-9. Plaintiff argues that the first six factors weigh in her favor, while the seventh is immaterial as courts only consider other reasonable fora if the forum state is shown to be unreasonable. Dkt. # 14 at 21-24.

The Court concludes that exercising its jurisdiction in this case is reasonable. Defendant contracted to insure risks nationwide, including in Washington, and that "purposeful interjection" cannot be overlooked now that it has been sued here. See Farmers, 907 F.2d at 915. Defendant's burden of litigating in Washington does not appear to be unreasonable, as they contracted to insure risks here and prepared to engage in mediation prior to declining coverage. Washington's interest in adjudicating the dispute also weighs in plaintiff's favor, as plaintiff seeks enforcement of a Washington judgment negotiated in the shadow of Washington law. It is true that, because a coverage action is currently pending in Oklahoma state court, judicial efficiency weighs in defendant's favor, but because OCS has assigned its duty-to-defend and bad faith claims to plaintiff and because defendant is more capable of litigating in Washington than plaintiff is of litigating in Oklahoma, the importance of the forum to plaintiff's interest in convenient and effective relief weighs heavily in her favor. While the extent of conflict with Oklahoma's sovereignty weighs in defendant's favor, the existence of an alternative forum is neutral, if not in the favor of plaintiff.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 11

## IV. CONCLUSION

For all the foregoing reasons, defendant's motion to dismiss (Dkt. # 9) is DENIED.

Dated this 4th day of April, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION- 12