UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA S. HAWTHORNE, individually and as assignee of Oklahoma Court Services, Inc.,

Plaintiff,

v.

MID-CONTINENT CASUALTY COMPANY, OKLAHOMA SURETY COMPANY, an Oklahoma Insurance Company,

Defendant.

Case No. C16-1948RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on plaintiff Patricia S. Hawthorne's motion to compel. Dkt. # 40. Having considered the parties' briefing[1] and the remainder of the record, the Court finds as follows.

In November 2016, acting in her individual capacity and as assignee of various insurance

---

[1] The Court expresses its frustration with plaintiff's counsel's apparent failure to proofread its work product before filing. In plaintiff's twelve-page motion alone, there are at least eight errors that spell-checking software would miss but that a conscientious human review would have caught: for example, on page 11, plaintiff's brief asserts that "it can failure be said that the document was prepared or obtained because of the prospect of litigation." Presumably "failure" displaced "fairly." Additionally, the brief regularly misuses apostrophes – including them where they should not be, and omitting them where they are needed – and relies unnecessarily on underlining to attract the Court's attention.
Plaintiff's counsel is directed to file a corrected version of its motion, at counsel's own cost.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL - 1

claims, plaintiff filed this action in King County Superior Court against Oklahoma Surety Company ("Oklahoma Surety") for bad faith, violation of Washington's Unfair Trade Practices Act, and breach of the contractual duties to defend, settle, and indemnify. Dkt. # 1-1. On December 21, 2016, Oklahoma Surety removed this case to federal court, Dkt. # 1, and shortly thereafter moved to dismiss the case for lack of personal jurisdiction, Dkt. # 9. The Court denied that motion in April 2017. Dkt. # 39.

With discovery underway, plaintiff moves under Local Civil Rule 37 to compel production of certain emails that defendant Oklahoma Surety has withheld on the grounds that they constitute privileged attorney-client communications and/or work product. Plaintiff argues that, under Washington state law, these privileges give way in the context of an insurance bad faith claim.

It is true that Washington law establishes an exception to the attorney-client privilege in the context of certain insurance bad-faith claims. As this Court recognized in Meier v. Travelers Home and Marine Insurance Company, No. C15-22RSL, 2016 WL 4447050 (W.D. Wash. Aug. 24, 2016), under Washington law, in the context of first-party insurance coverage, an insurer owes its insured a quasi-fiduciary duty to investigate and adjust the claim in good faith. Cedell v. Farmers Ins. Co. of Washington, 176 Wn.2d 686, 696 (2013).[2] In Cedell, the state Supreme Court determined that when an insured asserts that the duty has been breached, the insured should have access to the entire claim file: an insurer will not be permitted to refuse production "because of the participation of lawyers hired or employed by the insurers" for fear that a blanket privilege "would unreasonably obstruct discovery of meritorious claims and conceal unwarranted practices." Id. at 696–97. Thus, there is a presumption in such cases that the

---

[2] Oklahoma Surety suggests that Cedell does not apply squarely to this situation because Cedell was grounded on an insurer's quasi-fiduciary duty to a first-party insured, see Cedell, 176 Wn.2d at 696, and plaintiff in this case is a third party. See Dkt. # 46 at 9. But here, where the first-party insured has assigned its claims to plaintiff through a covenant judgment, plaintiff stands in the shoes of the first-party insured to assert its bad faith and contractual claims. Accordingly, Cedell applies.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL - 2

attorney-client privilege does not apply as between an insured and her insurer in the claims adjusting process. Id. at 698–99. The insurer can rebut the presumption by showing that a particular communication or document had nothing to do with the insurer's quasi-fiduciary functions (*e.g.*, investigating, evaluating, negotiating, or processing the claim). To the extent the insurer is able to show that documents in the claim file seek or reflect legal advice regarding the insurer's own liability under the policy, those documents are not subject to the presumption and remain privileged under state law. Id. at 699–700. Even with regards to these documents, however, the insured may pierce the privilege by showing a foundation in fact for her allegation of bad faith. If the insured is able to make a colorable showing that the insurer attempted in bad faith to defeat a meritorious claim for coverage, the privilege is waived, and the entire claim file must be produced. Id. at 700.

Oklahoma Surety argues, however, that the privilege law of Oklahoma, not Washington, applies. Applying Washington choice-of-law rules, see Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002), the Court concludes: (1) an actual conflict exists between Washington law, under which, in discovery, the attorney-client privilege gives way to claims of insurer bad faith, see Cedell, 176 Wn.2d at 700, and Oklahoma law, which lacks an equivalent to the Cedell bad-faith exception; and (2) even assuming *arguendo* that Oklahoma has "the most significant relationship" with the attorney-client communication here, there is no "special reason" why the Washington policy favoring admission of the communication should not be given effect, see State v. Donahue, 105 Wn. App. 67, 71 (2001).

The facts that Oklahoma Surety cites to show a "special reason" do not suggest otherwise. For example, the fact that both parties to the insurance policy are Oklahoma companies bears on which state has the "most significant relationship" to the communications at issue, not on whether a "special reason" exists to override the evidentiary policy of the forum state. And the communications here appear to be material, as they may shed light on any inconsistencies between Oklahoma Surety's initial coverage analysis and its ultimate justifications for denying

coverage. Other facts cited effectively urge application of the Oklahoma policy on the grounds that it is a better policy than Washington's. The Court will not ground its choice-of-law determination on such a slippery foundation.

Next, Oklahoma Surety attempts to distinguish <u>Cedell</u> on the grounds that in this case, the attorney in question was not performing the "quasi-fiduciary tasks of investigating and evaluating or processing the claim," but rather was "providing counsel to the insurer and not engaged in a quasi-fiduciary function." <u>Cedell</u>, 176 Wn.2d at 700. But <u>Cedell</u> explicitly contemplates that even the privilege for attorney communications providing counsel to a client-insurer may be "pierced" by an assertion of the civil fraud exception. <u>Id.</u> As explained above, where an insurer engages in bad faith in an attempt to defeat a meritorious claim, that bad faith is tantamount to civil fraud, and the privilege does not apply. <u>Id.</u>

Whether an attorney was providing counsel rather than performing a quasi-fiduciary task, and whether an act of bad faith tantamount to civil fraud occurs in the course of that counsel, require an in camera review of the communications in question. <u>Id.</u> at 699–700. To warrant an in camera review of the claimed privileged materials under the civil fraud exception, the requesting party must make a showing that a reasonable person would have a reasonable belief that an act of bad faith has occurred. <u>Id.</u> at 700. If, after reviewing the materials in camera, the Court finds that there is a foundation to permit a claim of bad faith to proceed, the attorney-client privilege shall be deemed to be waived. <u>Id.</u>

In this case, plaintiff has made a colorable showing that Oklahoma Surety attempted in bad faith to defeat a meritorious claim for coverage: after initially agreeing to defend the insured under a reservation of rights, Oklahoma Surety ultimately rescinded that defense on the grounds that the claim could not possibly be covered under the insured's policy.

Accordingly, the Court concludes that an in camera review of the attorney-client communications is warranted. During that review, the Court will determine (1) whether Oklahoma Surety's attorney was providing counsel to the insurer or performing a quasi-fiduciary

task; and if so, (2) whether a foundation exists to permit a claim of bad faith to proceed. See Taladay v. Metro. Group Prop. & Cas. Ins. Co., No. C14-1290JPD, 2015 WL 12030116, at *6–7 (W.D. Wash. Dec. 18, 2015) (explaining procedure for in camera review in federal court).

At that time, the Court will also consider whether the federal work-product privilege requires complete or partial redaction of the withheld materials notwithstanding Cedell. See Fed. R. Civ. P. 26(b)(3); In re Grand Jury Subpoena (Mark Topf), 357 F.3d 900, 907 (9th Cir. 2004) (holding that a document is eligible for work-product protection if it "can be fairly said to have been prepared or obtained because of the prospect of litigation"); United States v. Richey, 632 F.3d 559, 567–68 (9th Cir. 2011) (holding that where a document serves dual purposes, in that it was not prepared exclusively for litigation, the issue is whether the document was created "because of" the litigation as opposed to for some other purpose). Because plaintiff has failed to demonstrate a "substantial need" for any work product contained in the withheld materials, Oklahoma Surety will be permitted to redact whatever work product the Court finds in those documents.

For the foregoing reasons, plaintiff's motion to compel (Dkt. # 40) is GRANTED in part. Within thirty days of the date of this order, Oklahoma Surety is directed to deliver to the Court two copies of the withheld materials – one unredacted, and one with proposed redactions for the Court's consideration – along with a privilege log indicating which privileges are claimed as to each redaction. If the parties are ultimately able to resolve this dispute between themselves – as they are strongly encouraged to do – they shall notify the Court on or before the thirty-day deadline that in camera review is no longer necessary.

DATED this 31st day of May, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge