UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA S. HAWTHORNE, individually and as assignee of Oklahoma Court Services, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>MID-CONTINENT CASUALTY COMPANY, OKLAHOMA SURETY COMPANY, an Oklahoma Insurance Company,<br><br>Defendant. | Case No. C16-1948RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND TO STAY LITIGATION |

This matter comes before the Court on defendant Oklahoma Surety Company's "Motion to Certify Interlocutory Appeal and to Stay Litigation." Dkt. # 57. Having considered the parties' briefing and the remainder of the record, the Court denies the motion for the reasons that follow.

In November 2016, acting in her individual capacity and as assignee of various insurance claims by Oklahoma Court Services, Inc. ("OCS"), plaintiff filed this action in King County Superior Court against OCS's insurer, Oklahoma Surety Company ("Oklahoma Surety"), for bad faith, violation of Washington's Unfair Trade Practices Act, and breach of the contractual duties to defend, settle, and indemnify. Dkt. # 1-1. On December 21, 2016, Oklahoma Surety removed this case to federal court, Dkt. # 1, and shortly thereafter moved to dismiss the case for lack of

ORDER DENYING DEFENDANT'S MOTION
TO CERTIFY FOR INTERLOCUTORY APPEAL
AND TO STAY LITIGATION - 1

1 | personal jurisdiction, Dkt. # 9.  The Court denied that motion on April 4, 2017.  Dkt. # 39.

2 | On April 20, 2017, plaintiff moved for leave to file a second amended complaint,
3 | specifically to add a claim under Washington's Insurance Fair Conduct Act (IFCA) because the
4 | required 20 days had elapsed since plaintiff submitted notices to the Washington Insurance
5 | Commissioner and to Oklahoma Surety and Mid-Continent Casualty Company, as required by
6 | RCW 48.030.015(8)(a).  Dkt. # 44.  Oklahoma Surety opposed plaintiff's motion, arguing that
7 | Oklahoma law applies in this case rather than Washington law, but that an IFCA claim would be
8 | futile in any event.  Dkt. # 52.

9 | On May 4, 2017, just three days after filing its response to plaintiff's motion for leave to
10 | amend, Oklahoma Surety moved for partial summary judgment on the question of choice of law
11 | and on all claims brought in plaintiff's individual capacity.  Dkt. # 54.  As in its opposition to
12 | plaintiff's motion for leave to amend, Oklahoma Surety argues that Oklahoma law applies to all
13 | of plaintiff's claims.  Oklahoma Surety also asks the Court to dismiss the claims that plaintiff has
14 | brought "individually," as opposed to as assignee of OCS.

15 | The very next day, Oklahoma Surety moved to certify for interlocutory appeal this
16 | Court's order holding that it could exercise specific personal jurisdiction over Oklahoma Surety
17 | in this case, and to stay this litigation pending resolution of that appeal.  Dkt. # 57.  Plaintiff
18 | opposes certification.  Dkt. # 63.

19 | Because certification and a stay would preclude resolution of the other pending motions,
20 | the Court addresses that issue before resolving the older outstanding motions.

21 | Under 28 U.S.C. § 1292(b), in a civil case, a district judge may certify for interlocutory
22 | appeal an order that "involves a controlling question of law as to which there is substantial
23 | ground for difference of opinion," where "an immediate appeal from the order may materially
24 | advance the ultimate termination of the litigation."  The court of appeals may then, "in its
25 | discretion, permit an appeal to be taken from such order, if application is made to it within ten

days after entry of the order." Application for an appeal under this provision does not automatically stay proceedings in the district court, though either the district court or the court of appeals may order a stay.

As explained above, Oklahoma Surety asks the Court to certify an interlocutory appeal of its order holding that it could exercise personal jurisdiction over Oklahoma Surety in this case. See Dkt. # 39. Specifically, Oklahoma Surety argues that the Court incorrectly concluded that the Ninth Circuit's decision in Farmers Insurance Exchange v. Portage La Prairie Mutual Insurance Co., 907 F.2d 911(9th Cir. 1990), supports personal jurisdiction here. In Farmers, the Ninth Circuit held that an insurance company that conducted no business in Montana nonetheless "purposefully availed" itself of the Montana forum where (1) the insurer's policy applied nationwide and (2) "an insured event resulted in litigation" in Montana. Id. at 913–14. Oklahoma Surety asserts that the Court's erroneous application of Farmers is grounded on its mistaken conclusion that the "insured event" in this case was the assault of plaintiff in Washington, rather than the negligent failure to supervise plaintiff's assailant, which Oklahoma Surety asserts occurred in Oklahoma.

Oklahoma Surety misconstrues Farmers. Whether the "insured event" in this case was OCS's failure to supervise a probationer or the probationer's assault of plaintiff, what matters under the Farmers analysis is that both events "resulted in litigation" *in Washington*. 907 F.2d at 913. Like the automobile liability insurer in Farmers, Oklahoma Surety "contract[ed] to indemnify and defend [OCS] for claims that [would] foreseeably result in litigation in foreign states." Id. at 914. And like the insurer in Farmers, Oklahoma Surety "controlled its own amenability to suit." Id. "Had [Oklahoma Surety] wished to avoid suit in [Washington], it could have excluded that state from the 'policy territory' defined in the policy." Id. (quoting Rossman v. State Farm Mut. Auto. Ins. Co., 832 F.2d 282, 287 (4th Cir. 1987)). Instead, Oklahoma Surety issued a nationwide policy, and an insured event under that policy resulted in litigation in

ORDER DENYING DEFENDANT'S MOTION
TO CERTIFY FOR INTERLOCUTORY APPEAL
AND TO STAY LITIGATION - 3

Washington. Accordingly, under Farmers, Oklahoma Surety purposefully availed itself of this Washington forum. The Court is not persuaded that a reasonable jurist might conclude otherwise.

Indeed, Oklahoma Surety's argument for certification boils down to a quarrel with the Farmers rule itself, not with the Court's application of that rule. See Dkt. # 57 at 3 ("[O]ther federal circuits . . . eschew Farmers' mechanical extension of personal jurisdiction to liability insurance cases."); Dkt. # 68 at 3 & n.1 (arguing that "the Ninth Circuit's legal standards themselves do not square with the constitutional principles governing personal jurisdiction," and that "if the Ninth Circuit takes review, it can (and should) properly consider whether to amend its approach in light of other Circuits' approaches"). The Court declines to certify interlocutory appeal on the off chance that the Ninth Circuit will take this opportunity to overrule its own clearly established law.

For all the foregoing reasons, Oklahoma Surety's motion to certify for interlocutory appeal and to stay litigation (Dkt. # 57) is DENIED.

DATED this 30th day of June, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
TO CERTIFY FOR INTERLOCUTORY APPEAL
AND TO STAY LITIGATION - 4