1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

PATRICIA S. HAWTHORNE, individually
and as assignee of Oklahoma Court Services,
Inc.,

Plaintiff,

v.

MID-CONTINENT CASUALTY
COMPANY, OKLAHOMA SURETY
COMPANY, an Oklahoma Insurance
Company,

Defendant.

Case No. C16-1948RSL

ORDER DENYING IN PART AND
GRANTING IN PART CROSS-
MOTIONS FOR PARTIAL
SUMMARY JUDGMENT, AND
GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND
COMPLAINT

17

18

19

20

21

22

23

24

25

This matter comes before the Court on defendant Oklahoma Surety Company's "Motion

for Partial Summary Judgment on Choice of Law and Claims Brought in Plaintiff's Individual

Capacity," Dkt. # 54, on plaintiff Patricia S. Hawthorne's "Renewed Motion for Partial

Summary Judgment Re: The Duty to Defend," Dkt. # 58, and on plaintiff's "Motion for Leave to

File Second Amended Complaint," Dkt. # 44.  Having considered the parties' briefing and the

remainder of the record, the Court denies in part and grants in part the parties' cross-motions for

partial summary judgment, and grants plaintiff's motion for leave to amend.

26

27

28

ORDER DENYING IN PART AND GRANTING
IN PART CROSS-MOTIONS FOR PARTIAL
SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  BACKGROUND

In November 2016, acting in her individual capacity and as assignee of various insurance claims by Oklahoma Court Services, Inc. ("OCS"), plaintiff filed this action in King County Superior Court against OCS's insurer, Oklahoma Surety Company ("Oklahoma Surety"), for bad faith, violation of Washington's Consumer Protection Act, and breach of the contractual duties to defend, settle, and indemnify.  Dkt. # 1-1.  On December 21, 2016, Oklahoma Surety removed this case to federal court, Dkt. # 1, and shortly thereafter moved to dismiss the case for lack of personal jurisdiction, Dkt. # 9.  The Court denied that motion on April 4, 2017.  Dkt. # 39.

On April 20, 2017, plaintiff moved for leave to file a second amended complaint, specifically to add a claim under Washington's Insurance Fair Conduct Act (IFCA) because the required 20 days had elapsed since plaintiff submitted notices to the Washington Insurance Commissioner and to Oklahoma Surety and Mid-Continent Casualty Company, as required by RCW 48.030.015(8)(a).  Dkt. # 44.  Oklahoma Surety opposed plaintiff's motion, arguing that Oklahoma law applies in this case rather than Washington law, but that an IFCA claim would be futile in any event.  Dkt. # 52.

On May 4, 2017, just three days after filing its response to plaintiff's motion for leave to amend, Oklahoma Surety moved for partial summary judgment on the question of choice of law. Dkt. # 54.  As in its opposition to plaintiff's motion for leave to amend, Oklahoma Surety argues that Oklahoma rather than Washington law applies to all of plaintiff's claims.  Oklahoma Surety also asks the Court to dismiss the claims that plaintiff has brought "individually," as opposed to as assignee of OCS.  A week later, plaintiff renewed her motion for partial summary judgment, which seeks resolution both of the choice-of-law issue and of the merits question whether Oklahoma Surety breached its duties under the applicable law.  Dkt. # 58.[1]

_____

[1] On April 4, 2017, the Court denied plaintiff's original motion for partial summary judgment and granted defendant's motion under Fed. R. Civ. P. 56(d).  Dkt. # 38.

ORDER DENYING IN PART AND GRANTING
IN PART CROSS-MOTIONS FOR PARTIAL
SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT - 2

1

**II.  DISCUSSION**

2      Because the choice-of-law issue bears on plaintiff's motion for leave to add a Washington

3  IFCA claim, this order addresses the parties' cross-motions for partial summary judgment first,

4  before turning to plaintiff's motion for leave to file a second amended complaint.

5  **A.      The Parties' Cross-Motions for Partial Summary Judgment**

6      Both Oklahoma Surety and plaintiff seek partial summary judgment on the question

7  whether Washington or Oklahoma law applies in this case.  Oklahoma Surety also seeks

8  dismissal of plaintiff's claims to the extent she brings them in her individual capacity rather than

9  as assignee of OCS's claims arising from its insurance contract with Oklahoma Surety.

10      Summary judgment is appropriate if, viewing the evidence in the light most favorable to

11  the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact

12  and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); L.A. Printex

13  Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012).  The moving party "bears the

14  initial responsibility of informing the district court of the basis for its motion."  Celotex Corp. v.

15  Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, it is entitled

16  to summary judgment if the non-moving party fails to designate "specific facts showing that

17  there is a genuine issue for trial."  Id.  "The mere existence of a scintilla of evidence in support

18  of the non-moving party's position is not sufficient"; the opposing party must present probative

19  evidence in support of its claim or defense.  Arpin v. Santa Clara Valley Transp. Agency, 261

20  F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551,

21  1558 (9th Cir. 1991).  "An issue is 'genuine' only if there is a sufficient evidentiary basis on

22  which a reasonable fact finder could find for the nonmoving party."  In re Barboza, 545 F.3d

23  702, 707 (9th Cir. 2008) (internal citations omitted).

24

25

26

27  ORDER DENYING IN PART AND GRANTING
IN PART CROSS-MOTIONS FOR PARTIAL
SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S
28  MOTION FOR LEAVE TO AMEND COMPLAINT - 3

1              1.      *Plaintiff's Claims in Her Individual Capacity*

2              Oklahoma Surety asks the Court to dismiss plaintiff's claims to the extent she brings them

3     in her individual capacity rather than as assignee of OCS.  The Court agrees that because

4     plaintiff is not insured by Oklahoma Surety, she lacks standing to bring individual claims for

5     breach of the contractual duties to defend, settle, and indemnify.  And as a third party, plaintiff

6     also lacks standing to bring a bad faith claim in her individual capacity against Oklahoma Surety

7     for its failure to defend OCS against *plaintiff's* lawsuit.  See Tank v. State Farm & Cas. Co., 105

8     Wn.2d 381, 391–94 (1986) ("We hold that third party claimants may not sue an insurance

9     company directly for alleged breach of duty of good faith under a liability policy.").  Neither

10    party addresses plaintiff's standing to bring a claim under Washington's Consumer Protection

11    Act, RCW 19.86.010 *et seq*., but plaintiff does not appear to dispute that she lacks standing to

12    bring any of her claims in her individual capacity.  Dkt. # 69 at 36.  Accordingly, she may

13    litigate this suit only as assignee of OCS's claims against Oklahoma Surety.  Oklahoma Surety's

14    motion for partial summary judgment on this point is GRANTED.

15             2.      *Choice of Law*

16             Oklahoma Surety argues that Oklahoma law, not Washington law, should apply to all of

17    plaintiff's claims in this case.  Plaintiff argues the opposite.  As a federal court sitting in

18    diversity in Washington, this Court applies Washington's choice-of-law rules.  See Patton v.

19    Cox, 276 F.3d 493, 495 (9th Cir. 2001).  Under Washington's rules, Washington law applies

20    unless there is an actual conflict between Washington law and the laws or interests of another

21    state.  See Erwin v. Cotter Health Centers, 161 Wn.2d 676, 692 (2007).  An actual conflict exists

22    if the laws of the two states result in different outcomes on the same issue.  Id.  In the case of an

23    actual conflict, the Court applies the factors prescribed by the Restatement (Second) Conflict of

24    Laws ("Restatement") to determine which law applies.  Id.  Washington applies the rule of

25    "dépeçage," which requires a separate choice-of-law analysis for each individual issue in the

26    ORDER DENYING IN PART AND GRANTING

27    IN PART CROSS-MOTIONS FOR PARTIAL
      SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S

28    MOTION FOR LEAVE TO AMEND COMPLAINT - 4

1  case.  See Brewer v. Dodson Aviation, 447 F. Supp. 2d 1166, 1175 (W.D. Wash. 2006).

2      The Court determines the law applicable to plaintiff's contract claims first, and her tort

3  claims second.

4      a.)    Contract claims

5      Plaintiff's claims for breach of the duties to defend, settle, and indemnify arise from

6  OCS's insurance policy with Oklahoma Surety – a contract.  See Greer v. Northwestern Nat. Ins.

7  Co., 109 Wn.2d 191, 197 (1984).  Because there is no choice of law provision in OCS's

8  insurance policy, see generally Dkt. # 10-2, the Court applies the Washington conflict-of-law

9  analysis described above.  See RESTATEMENT (SECOND) CONFLICT OF LAWS § 188(2) (1971).  If

10  Washington and Oklahoma law conflict, the Court asks which state has the "most significant

11  relationship" to the contract dispute, applying the factors enumerated in the Restatement.  See

12  RESTATEMENT (SECOND) CONFLICT OF LAWS §§ 6, 188 (1971).

13      In this case, no conflict exists between Washington law and Oklahoma law on plaintiff's

14  duty to defend and duty to indemnify claims.  As to the duty to defend, it is true that Washington

15  law limits the analysis to the "eight corners" of the underlying complaint and the insurance

16  policy, Expedia, Inc. v. Steadfast Ins. Co., 180 Wn.2d 793, 803 (2014), while Oklahoma law

17  considers extrinsic evidence, such as information that the insurer "gleaned from the petition and

18  other pleadings, from the insured, and from other sources," First Bank of Turley v. Fidelity and

19  Deposit Ins. Co. of Maryland, 928 P.2d 298, 303–04 (Okla. 1996).  But both Washington and

20  Oklahoma law require the insurer to defend whenever there is the *possibility of coverage* under

21  the policy.  Compare First Bank of Turley, 928 P.2d at 303–04 & n.14, with Am. Best Food, Inc.

22  v. Alea London, Ltd., 168 Wn.2d 398, 404 (2010).  In any case where coverage possibly exists

23  according to the eight corners of the complaint and the policy, coverage also possibly exists even

24  when extrinsic information is added to the inquiry.  Accordingly, no conflict exists on the duty to

25  defend issue.

26
ORDER DENYING IN PART AND GRANTING
27  IN PART CROSS-MOTIONS FOR PARTIAL
SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S
28  MOTION FOR LEAVE TO AMEND COMPLAINT - 5

1    As to the duty to indemnify, Oklahoma Surety argues that Oklahoma law recognizes the

2    "reasonable expectations" doctrine, while Washington law does not.  Though Oklahoma Surety

3    is correct that the doctrine is available equally to insurers and insureds, its purpose is to estop

4    parties that have made representations inconsistent with the actual terms of an insurance policy.

5    Most often, the party making representations will be the insurer, not the insured.  See Max True

6    Plastering Co. v. U.S. Fid. & Guar. Co., 912 P.2d 861, 862, 864, 868 (Okla. 1996) ("Under the

7    doctrine, *if the insurer or its agent* creates a reasonable expectation of coverage *in the insured*

8    which is not supported by policy language, the expectation will prevail over the language of the

9    policy." (emphasis added)).  Moreover, the doctrine operates only where the misrepresented

10   terms of the contract are "technical or obscure."  Id. at 868.  The doctrine thus does not void

11   contractual duties that are clearly established by the terms of a policy, like the duties asserted in

12   this case.  Accordingly, whether or not the doctrine is available to Oklahoma Surety will have no

13   impact on the outcome of the duty to indemnify issue in this case, and no actual conflict exists.

14       Oklahoma Surety has not argued that a conflict exists between Oklahoma and

15   Washington law as to the duty to settle issue, and so the Court does not reach this question.

16       Absent an actual conflict between Washington law and Oklahoma law on the contractual

17   issues of duty to defend and duty to indemnify, the Court concludes that Washington law applies

18   to both.  See Erwin, 161 Wn.2d at 692.

19       b.)    Tort claims

20       Plaintiff's claims for bad faith and violation of the Consumer Protection Act (CPA) sound

21   in tort law.  Under Washington choice-of-law rules, where an actual conflict exists, Section 145

22   of the Restatement applies.  See Rice v. Dow Chem. Co., 124 Wn.2d 205, 213 (1994).  Like

23   Section 188 in the context of contract law, Section 145 directs the court to consider which state

24   has the "most significant relationship" to the occurrence and the parties.  See RESTATEMENT

25   (SECOND) CONFLICT OF LAWS § 145(1).

26
ORDER DENYING IN PART AND GRANTING
27   IN PART CROSS-MOTIONS FOR PARTIAL
SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S
28   MOTION FOR LEAVE TO AMEND COMPLAINT - 6

1    Oklahoma Surety argues that a conflict exists as to both tort issues in this case because

2    neither type of claim is assignable under Oklahoma law, and both types are assignable under

3    Washington law.  Compare United Adjustment Servs., Inc. v. Prof'l Insurors Agency, LLC, 307

4    P.3d 400, 404 (Okla. Ct. App. 2013), with Carlile v. Harbour Homes, Inc., 147 Wn. App. 193,

5    210 (2008).  Because this distinction would create different outcomes as to the tort issues in this

6    case, an actual conflict exists.

7         Under Section 145 of the Restatement, to determine which state has the "most significant

8    relationship," the Court considers (1) the place where the injury occurred; (2) the place where

9    the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of

10   incorporation and place of business of the parties; and (4) the place where the relationship, if

11   any, between the parties is centered.  Other important factors are "the needs of the interstate and

12   international systems, the relevant policies of the forum, the relevant policies of other interested

13   states and particularly of the state with the dominant interest in the determination of the

14   particular issue, and ease in the determination and application of the law to be applied."  See

15   RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 cmt. b.

16        Courts in this district have concluded that, in the context of a failure to defend or

17   indemnify, the state where the insured is sued has the "most significant relationship" to the bad

18   faith and CPA claims that result.  In Travelers Prop. Cas. Co. of Am. v. AF Evans Co., No. C10-

19   1110JCC, 2012 WL 4113279 (W.D. Wash. Sept. 19, 2012), the court concluded that "the injury

20   suffered by [the insured] as a result of [the insurer's] bad-faith failure to defend occurred in

21   Washington, where they incurred the costs of defending themselves against the [plaintiff's]

22   claims, and where the Washington Superior Court entered a stipulated judgment against them."

23   2012 WL 4113279, at *8.  Moreover, the court noted that the complaint against the insured

24   asserted Washington law claims for harm that occurred in Washington.  The court also placed

25   special weight on Washington's "strong interest in protecting insureds who must resort to

26
     ORDER DENYING IN PART AND GRANTING
27   IN PART CROSS-MOTIONS FOR PARTIAL
     SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S
28   MOTION FOR LEAVE TO AMEND COMPLAINT - 7

1   litigation to establish coverage," and "in using the amount of a covenant judgment as the

2   presumptive measure of an insured's harm caused by an insurer's tortious bad faith." Id. at

3   *8–9.  Thus, even though the insured was incorporated in California, the insurance policies were

4   issued to the insured at a California address, and "all claims activities took place in California by

5   [an insurer] claims handler based in California," the court held that Washington had the most

6   significant relationship to the insured's bad faith claim.  Id. at 10.  See also Tilden-Coil

7   Constructors, Inc. v. Landmark Am. Ins. Co., 721 F. Supp. 2d 1007, 1015–16 (W.D. Wash.

8   2010) (holding that Washington had the most significant relationship to bad faith and CPA

9   claims arising from a breach of the duty to defend against a suit in Washington).

10      The Court finds this reasoning persuasive and applies it here.  While the relationship

11  between Oklahoma Surety and OCS is "centered" in Oklahoma, where both corporations are

12  headquartered, OCS's injury occurred in Washington, where it was forced to defend against a

13  suit as a result of Oklahoma Surety's alleged bad faith refusal to defend and indemnify.  The

14  forum state's strong interest in protecting insureds against bad faith and in enforcing covenant

15  judgments weigh just as strongly here as in AF Evans.  See also Tilden-Coil, 721 F. Supp. 2d at

16  1015–16.  Accordingly, Washington has the most significant relationship to plaintiff's bad faith

17  and CPA claims, and Washington law applies.

18      Oklahoma Surety's motion for partial summary judgment on the choice of law issues is

19  therefore DENIED.  Plaintiff's renewed motion for partial summary judgment is GRANTED as

20  to the question of which law applies to her claims, and DENIED without prejudice as to the

21  merits question whether Oklahoma Surety violated the applicable law.  For all the reasons given

22  in the Court's earlier order granting Oklahoma Surety's Rule 56(d) motion, see Dkt. # 38, a

23  merits ruling at this stage of the litigation would be premature, and Oklahoma Surety's renewed

24  Rule 56(d) motion (Dkt. # 64) is GRANTED.

25

26
    ORDER DENYING IN PART AND GRANTING
27  IN PART CROSS-MOTIONS FOR PARTIAL
    SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S
28  MOTION FOR LEAVE TO AMEND COMPLAINT - 8

1    **B.    Plaintiff's Motion for Leave to File Second Amended Complaint**

2          Plaintiff moves for leave to file a second amended complaint adding a claim under

3    Washington's Insurance Fair Conduct Act (IFCA), RCW 48.30.015, as she has now exhausted

4    the procedural requirements necessary to bring an IFCA claim.

5          Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ.

6    P. 15(a)(2).  There is a "strong policy in favor of allowing amendment" after "considering four

7    factors:  bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."

8    Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  The underlying purpose of Rule 15 is "to

9    facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith,

10   203 F.3d 1122, 1127 (9th Cir. 2000).  However, if the proposed amendment would be futile (*i.e.*,

11   it would be immediately subject to dismissal if challenged under Rule 12(b)(6)), there is no

12   reason to put defendants through the unnecessary expense and delay of responding to the

13   amendment.  Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011).

14         Oklahoma Surety argues that plaintiff's proposed IFCA claim would be futile because

15   Oklahoma law, not Washington law, applies. Dkt. # 52.  For all the reasons discussed in Part

16   A.2.b, the Court concludes that Washington has the most significant relationship to plaintiff's

17   tort claim under IFCA – which, like plaintiff's bad faith and CPA claims, arises from Oklahoma

18   Surety's failure to defend against a lawsuit in Washington – and accordingly Washington law

19   applies.  See RESTATEMENT (SECOND) CONFLICT OF LAWS § 145(1).

20         Oklahoma Surety also argues that plaintiff lacks standing to bring an IFCA claim arising

21   from *OCS*'s insurance policy, because IFCA creates a cause of action only for "first party

22   claimant[s]." RCW 48.30.015(1).  But because OCS expressly assigned its IFCA claims to

23   plaintiff, Dkt. # 45-2 at 7–8, plaintiff may bring an IFCA cause of action as the assignee of a

24   first-party claimant.  Cf. Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co., 176 Wn.

25   App. 185, 203 (2013) (finding lack of standing where first-party insured did not "expressly

26   ORDER DENYING IN PART AND GRANTING

27   IN PART CROSS-MOTIONS FOR PARTIAL
     SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S

28   MOTION FOR LEAVE TO AMEND COMPLAINT - 9

1    assign any IFCA and CPA claims" to the plaintiff).

2        Finally, Oklahoma Surety argues that plaintiff's IFCA claim is futile because its refusal to

3    pay the $7.2 million demanded is not unreasonable.  At this stage of the litigation, the Court

4    cannot conclude that Oklahoma Surety's refusal was reasonable as a matter of law, and

5    Oklahoma Surety does not argue that plaintiff's claim would fail to survive a motion under Fed.

6    R. Civ. P. 12(b)(6).  Accordingly, amendment of plaintiff's complaint to add an IFCA claim

7    would not be futile.  Plaintiff's motion for leave to amend is GRANTED.

8                              **III.  CONCLUSION**

9        For all the foregoing reasons, defendant's motion for partial summary judgment (Dkt.

10   # 54) is GRANTED in part and DENIED in part.  Plaintiff's renewed motion for partial

11   summary judgment (Dkt. # 58) is GRANTED in part and DENIED without prejudice in part.

12   Plaintiff's claims in her individual capacity are dismissed with prejudice, and she may pursue her

13   claims only in her capacity as assignee of OCS.  Washington law applies to plaintiff's

14   contractual claims for breach of the duties to defend and indemnify, and to the tort claims that

15   arise from these breaches.  Plaintiff's motion for leave file a second amended complaint (Dkt.

16   # 44) is GRANTED.

17

18       DATED this 31st day of July, 2017.

19

20                              _MM S Lasnik_____

21                              Robert S. Lasnik
                               United States District Judge

22

23

24

25

26
     ORDER DENYING IN PART AND GRANTING
27   IN PART CROSS-MOTIONS FOR PARTIAL
     SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S
28   MOTION FOR LEAVE TO AMEND COMPLAINT - 10